Keith Beauchamp (012434)
Malvika A. Sinha (038046)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Ave., Ste. 1900
Phoenix, Arizona 85004
T: (602) 381-5493
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Joshua J. Bennett (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
2850 North Harwood St., Ste. 1100
Dallas, Texas 75201
T: (214) 210-1200
jjbennett@bakerlaw.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Eli Lilly and Company,<br><br>          Plaintiff,<br><br>   v.<br><br>Strive Pharmacy LLC d/b/a Strive Compounding Pharmacy, et al.<br><br>          Defendants. | No. 2:25-cv-03942-MTL<br><br>**DEFENDANTS' ORIGINAL ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Strive Pharmacy, LLC, doing business as "Strive Compounding Pharmacy," and Strive Specialties, Inc. (collectively "Strive") file this Answer to Plaintiff Eli Lilly and Company's Complaint (Doc. 1), and in support thereof, states as follows:

1.     Strive admits that tirzepatide medicines target patients' GLP-1 (glucagon-like peptide-1) and GIP (glucose-dependent insulinotropic polypeptide) receptors as alleged in paragraph 1. Strive admits that tirzepatide medicines activate both GLP-1 and GIP receptors to improve blood sugar control and reduce appetite and food intake. Strive admits that the FDA has approved these Mounjaro for adults with type 2 diabetes, and Zepbound to treat chronic weight management and obstructive sleep apnea in certain adults. Strive lacks information sufficient to form a belief about the truth of all remaining allegations in paragraph 1 of the Complaint.

2. Strive admits that Mounjaro and Zepbound contain active pharmaceutical ingredient tirzepatide. Strive lacks information sufficient to form a belief about the truth of all other allegations in paragraph 2 of the Complaint.

3. Strive admits that Strive Pharmacy operates a compounding pharmacy that sells compounded weight-loss drugs, including a compounded tirzepatide drug that includes vitamin B12 and glycine additives ("Strive's Tirzepatide Blend") as alleged in paragraph 3. Strive admits that Strive's Tirzepatide Blend has never been approved by FDA as alleged in paragraph 3. Strive denies or lacks information sufficient to form a belief about the truth of all other allegations in paragraph 3 of the Complaint.

4. Strive denies or lacks information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

5. Strive denies or lacks information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

6. Strive denies or lacks information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint.

7. Strive denies or lacks information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

8. Strive denies or lacks information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint.

9. Strive denies or lacks information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

10. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

11. Strive admits the allegations in paragraph 11 of the Complaint.

12. Strive admits the allegations in paragraph 12 of the Complaint.

13. Strive admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

14. Strive admits that Strive Pharmacy is subject to personal jurisdiction in Arizona as alleged in paragraph 14 of the Complaint.

15. Strive admits that Strive Pharmacy is subject to personal jurisdiction in Arizona as alleged in paragraph 15 of the Complaint.

16. Strive admits that Strive Specialties is subject to personal jurisdiction in Arizona as alleged in paragraph 16 of the Complaint.

17. Strive admits that venue is proper in Arizona as alleged in paragraph 17 of the Complaint.

18. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint.

19. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint.

20. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint.

21. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

23. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint.

24. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint.

25. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint.

26. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint.

29. Strive admits (again) that FDA approved Mounjaro and Zepbound as alleged in paragraph 29. Strive lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the Complaint.

30. Strive admits (again) that Mounjaro and Zepbound were approved by the FDA as alleged in paragraph 30. Strive admits that Mounjaro and Zepbound contain tirzepatide as alleged in paragraph 30. Strive admits that tirzepatide medicines target patients' GLP-1 (glucagon-like peptide-1) and GIP (glucose-dependent insulinotropic polypeptide) receptors as alleged in paragraph 30. Strive admits that tirzepatide activates both GLP-1 and GIP receptors to improve blood sugar control and reduce appetite and food intake as alleged in paragraph 30. Strive lacks information sufficient to form a belief about the truth of remaining allegations in paragraph 30 of the Complaint.

31. Strive admits (again) that Mounjaro is FDA-approved to treat type 2 diabetes, and that Zepbound is approved to treat chronic weight management and obstructive sleep apnea in certain adults as alleged in paragraph 31. Strive admits that Lilly manufactures, markets, and sells Mounjaro and Zepbound throughout the United States as alleged in paragraph 31. Strive lacks information sufficient to form a belief about the truth of remaining allegations in paragraph 31 of the Complaint.

32. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint.

33. Strive admits that Lilly's tirzepatide medicines are injectables that are administered via under-the-skin injections as alleged in paragraph 33. Strive admits that Lilly does not sell any tirzepatide product with additives like glycine or vitamin B12 as alleged in paragraph 33. Strive lacks information sufficient to form a belief about the truth of remaining allegations in paragraph 33 of the Complaint.

34. Strive lacks information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint.

35. Strive denies or lacks information sufficient to form a belief about the truth of the multifaceted allegations in paragraph 35 of the Complaint.

36. Strive admits the allegations in paragraph 36 of the Complaint.

37. Strive admits that the FDA has said that "compounded drugs are not FDA-approved," and in the sense the FDA used that term of art ("FDA-approved"), as alleged in paragraph 41. Strive lacks information sufficient to form a belief about the truth of whether the FDA "reviews" compounded drugs to evaluate their safety, effectiveness, or quality before they reach patients as alleged in paragraph 37 of the Complaint.

38. Strive denies or lacks information sufficient to form a belief about the multifaceted allegations in paragraph 38 of the Complaint.

39. Strive admits that the statements quoted in paragraph 39 appear in the sources cited in the footnotes that appear in paragraph 39 but lacks information sufficient to form a belief about the remaining allegations in paragraph 39 of the Complaint.

40. Strive denies or lacks information sufficient to form a belief about the allegations in paragraph 40 of the Complaint.

41. Strive denies or lacks information sufficient to form a belief about the allegations in paragraph 41 of the Complaint.

42. Strive lacks information sufficient to form a belief about the allegations in paragraph 42 of the Complaint.

43. Strive lacks information sufficient to form a belief about the allegations in paragraph 43 of the Complaint.

44. Strive lacks information sufficient to form a belief about the allegations in paragraph 44 of the Complaint.

45. Strive lacks information sufficient to form a belief about the allegations in paragraph 45 of the Complaint.

46. Strive lacks information sufficient to form a belief about the allegations in paragraph 46 of the Complaint.

47. Strive lacks information sufficient to form a belief about the allegations in paragraph 47 of the Complaint.

48. Strive denies or lacks information sufficient to form a belief about the allegations in paragraph 48 of the Complaint.

49. Strive denies or lacks information sufficient to form a belief about the allegations in paragraph 49 of the Complaint.

50. Strive denies the allegations in paragraph 50.

51. Strive admits that Strive Pharmacy is a compounding pharmacy that exists to "support real people in transforming their health realities," by offering "sustainable weight loss drugs" that are "designed with outcomes in mind" as alleged in paragraph 51. Strive denies the remaining allegations in paragraph 51 of the Complaint.

52. Strive admits that Strive Pharmacy's website is located at https://www.strivepharmacy.com and tells consumers that Strive Pharmacy offers "tailored medicines for powerful outcomes" as alleged in paragraph 52. Strive denies the remaining allegations in paragraph 52 of the Complaint.

53. Strive denies the allegations in paragraph 53 of the Complaint.

54. Strive denies the allegations in paragraph 54 of the Complaint.

55. Strive denies the allegations in paragraph 55 of the Complaint.

56. Strive admits that Strive Pharmacy markets that its Tirzepatide Blend is a personalized drug compounded specifically and individually for each patient as alleged in paragraph 56. Strive denies the remaining allegations in paragraph 56 of the Complaint.

57. Strive denies or lacks information sufficient to form a belief about the allegations in paragraph 57 of the Complaint.

58. Strive admits that Lilly's tirzepatide medicines appeared on the FDA's drug shortage list and that the FDA determined that the shortage ended as alleged in paragraph 58. Strive admits that FDA reconsidered its decision after a group of compounders sued FDA seeking to enjoin its removal of tirzepatide from the shortage list as alleged in paragraph 58. Strive admits that FDA determined on December 19, 2024, that the

1 shortage of tirzepatide injection products had been resolved as alleged in paragraph 58. Strive denies or lacks information sufficient to form a belief about the remaining allegations in paragraph 58 of the Complaint.

59. Strive denies the allegations in paragraph 59 of the Complaint.

60. Strive denies the allegations in paragraph 60 of the Complaint.

61. Strive denies the allegations in paragraph 61 of the Complaint.

62. Strive admits that the homepage of Strive Pharmacy's website states Strive Pharmacy "take[s] medicine personally" and "reject[s] the one-size-fits-all approach to medicine—because more options mean better outcomes," as alleged in paragraph 62. Strive denies the remaining allegations in paragraph 62 of the Complaint.

63. Strive admits that the Frequently Asked Questions section of Strive Pharmacy's website states that Strive Pharmacy "compounds what [providers] prescribe" and a medication Strive Pharmacy dispenses is "formulated to meet [a] patient's specific needs," as alleged in paragraph 63. Strive denies or lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 63 of the Complaint.

64. Strive denies the allegations in paragraph 64 of the Complaint.

65. Strive admits that the Frequently Asked Questions section of Strive Pharmacy's website states that compounding allows Strive Pharmacy to "customize [a customer's] medication's ingredients and dosage form" and provides Strive Pharmacy with the ability to "combine multiple medications, eliminate common allergens, address multiple health concerns with a single formulation, or tailor [a customer's] dose," as alleged in paragraph 65. Strive denies or lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 65 of the Complaint.

66. Strive admits that the About section of Strive Pharmacy's website markets "tailored medicine[s] made precisely for you" and that Strive Pharmacy approaches "compounding from the conviction that life isn't one-size-fits-all, and neither is medicine," as alleged in paragraph 66. Strive denies or lacks sufficient information to

1 form a belief about the truth of the remaining allegations in paragraph 66 of the Complaint.

67. Strive denies the allegations in paragraph 67 of the Complaint.

68. Strive admits that the "Weight Management" tab of Strive Pharmacy's website pictures various weight-loss drugs that Strive Pharmacy offers, including its Tirzepatide Blend as alleged in paragraph 68 of the Complaint.

69. Strive admits that the "Weight Management" tab of Strive Pharmacy's website states that Strive Pharmacy "work[s] with you and your doctor to develop a personalized path," in "creating a medication amenable to [a customer's] preference and taste," "formulating custom dosages based on [a customer's] unique requirements," and "compounding services . . . uniquely tailored based on [a customer's] needs," as alleged in paragraph 69. Strive denies or lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 69 of the Complaint.

70. Strive admits the allegations in paragraph 70 of the Complaint.

71. Strive denies the allegations in paragraph 71 of the Complaint.

72. Strive denies the allegations in paragraph 72 of the Complaint.

73. Strive denies the allegations in paragraph 73 of the Complaint.

74. Strive denies the allegations in paragraph 74 of the Complaint.

75. Strive denies the allegations in paragraph 75 of the Complaint.

76. Strive denies the allegations in paragraph 76 of the Complaint.

77. Strive admits that Strive Pharmacy's Vice President of Marketing stated that Strive Pharmacy's approach is "more personalized" than "Big Pharma's one size fits all approach," in a May 2024 video posted on both X and Instagram as alleged in paragraph 77. Strive admits that Strive Pharmacy stated that "Big Pharma can keep its one-size-fits-all approach. At Strive, we're flipping the script to make healthcare personal, powerful, and tailored just for you" in a 2024 Facebook post, as alleged in paragraph 77. Strive denies or lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 77 of the Complaint.

78. Strive admits that Strive Pharmacy posted on LinkedIn that "Big Pharma churns out cookie-cutter medications that work for some, but not all," and that "Big Pharma questions us because we question them. Where others see a pill, we see an opportunity to optimize your health, your way. Let's move beyond settling for one-size-fits-all care. Strive for a future where healthcare feels human as alleged in paragraph 78. Strive admits that Strive Pharmacy also invites consumers to "[i]magine medicine designed not just for 'patients' in bulk, but for you" as alleged in paragraph 78.

79. Strive denies the allegations in paragraph 79 of the Complaint.

80. Strive denies the allegations in paragraph 80 of the Complaint.

81. Strive denies the allegations in paragraph 81 of the Complaint.

82. Strive denies the allegations in paragraph 82 of the Complaint.

83. Strive denies the allegations in paragraph 83 of the Complaint.

84. Strive denies the allegations in paragraph 84 of the Complaint.

85. Strive admits that Strive Pharmacy has told patients that Strive Pharmacy requires "proper documentation on the prescription about the provider's clinically significant reasoning" for its GLP-1 drugs, as alleged in paragraph 85. Strive denies or lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 85 of the Complaint.

86. Strive denies the allegations in paragraph 86 of the Complaint.

87. Strive denies the allegations in paragraph 87 of the Complaint.

88. Strive denies the allegations in paragraph 88 of the Complaint.

89. Strive denies the allegations in paragraph 89 of the Complaint.

90. Strive denies the allegations in paragraph 90 of the Complaint.

91. Strive denies the allegations in paragraph 91 of the Complaint.

92. Strive denies the allegations in paragraph 92 of the Complaint.

93. Strive lacks sufficient information to form a belief about the truth of the allegations in paragraph 93 of the Complaint.

94. Strive lacks sufficient information to form a belief about the truth of the allegations in paragraph 94 of the Complaint.

95. Strive lacks sufficient information to form a belief about the truth of the allegations in paragraph 95 of the Complaint.

96. Strive denies the allegations in paragraph 96 of the Complaint.

97. Strive admits that "PHARMACIST DEVELOPED & TESTED" appears on Strive Pharmacy's webpage for its Tirzepatide Blend as alleged in paragraph 97. Strive denies the remaining allegations in paragraph 97 of the Complaint.

98. Strive admits that the statement "PHARMACIST DEVELOPED & TESTED" on Strive Pharmacy's website tells potential patients that Strive has conducted testing on its Tirzepatide Blend as alleged in paragraph 98. Strive denies the remaining allegations in paragraph 98 of the Complaint.

99. Strive admits that Strive Pharmacy's website states that patients who use its Tirzepatide Blend can experience "appetite reduction and weight loss . . . within weeks" as alleged in paragraph 99. Strive admits that Strive Pharmacy's website states that Strive Pharmacy's Tirzepatide Blend is "formulated with glycine and vitamin B12," to "support side effect management and muscle preservation," as alleged in paragraph 99. Strive denies the remaining allegations in paragraph 99 of the Complaint.

100. Strive denies the allegations in paragraph 100 of the Complaint.

101. Strive denies the allegations in paragraph 101 of the Complaint.

102. Strive denies the allegations in paragraph 102 of the Complaint.

103. Strive admits that Strive Pharmacy's LinkedIn states that Strive Pharmacy offers "custom-made, rigorously tested medication," as alleged in paragraph 103. Strive denies the remaining allegations in paragraph 103 of the Complaint.

104. Strive denies the allegations in paragraph 104 of the Complaint.

105. Strive denies the allegations in paragraph 105 of the Complaint.

106. Strive admits that the Tirzepatide Blend page on Strive's website claims that Tirzepatide Blend is compounded with B12 and glycine additives to "support side

1  effect management and muscle preservation," as alleged in paragraph 106. Strive denies the remaining allegations in paragraph 106 of the Complaint.

107. Strive admits that in a May 2024 video posted to Strive Pharmacy's YouTube account, Strive Pharmacy stated that it is "disrupting Big Pharma," and that Strive Pharmacy is "[showing] the world that our medications are safer and better for you," as alleged in paragraph 107 of the Complaint. Strive denies the remaining allegations in paragraph 107 of the Complaint.

108. Strive denies the allegations in paragraph 108 of the Complaint.

109. Strive denies the allegations in paragraph 109 of the Complaint.

110. Strive denies or lacks sufficient information to form a belief about the truth of the allegations in paragraph 110 of the Complaint.

111. Strive denies the allegations in paragraph 111 of the Complaint.

112. Strive denies the allegations in paragraph 112 of the Complaint.

113. Strive admits that Strive and Lilly are direct competitors as alleged in paragraph 113. Strive admits that Strive Pharmacy's treatment purports to contain tirzepatide as alleged in paragraph 113. Strive admits (again) that tirzepatide is the active ingredient in Mounjaro and Zepbound. Strive admits that Strive Pharmacy's marketing takes aim specifically at "Big Pharma," as alleged in paragraph 113. Strive denies or lacks sufficient information to form a belief about the truth of the remaining allegations in paragraph 113 of the Complaint.

114. Strive denies the allegations in paragraph 114 of the Complaint.

115. Strive denies the allegations in paragraph 115 of the Complaint.

116. Strive denies or lacks sufficient information to form a belief about the truth of the allegations in paragraph 116 of the Complaint.

117. Strive denies or lacks sufficient information to form a belief about the truth of the allegations in paragraph 117 of the Complaint.

118. Strive denies the allegations in paragraph 118 of the Complaint.

119. Strive lacks sufficient information to form a belief about the truth of the allegations in paragraph 119 of the Complaint.

120. Strive lacks sufficient information to form a belief about the truth of the allegations in paragraph 120 of the Complaint.

121. Strive denies or lacks sufficient information to form a belief about the truth of the allegations in paragraph 121 of the Complaint.

122. Strive denies or lacks sufficient information to form a belief about the truth of the allegations in paragraph 122 of the Complaint.

123. Strive denies the allegations in paragraph 123 of the Complaint.

## CAUSE OF ACTION

124. Strive repeats and reasserts each and every response above as if fully set forth herein.

125. Strive denies the allegations in paragraph 125 of the Complaint.

126. Strive denies the allegations in paragraph 126 of the Complaint.

127. Strive denies the allegations in paragraph 127 of the Complaint.

128. Strive denies the allegations in paragraph 128 of the Complaint.

129. Strive denies the allegations in paragraph 129 of the Complaint.

130. Strive denies the allegations in paragraph 130 of the Complaint.

131. Strive denies the allegations in paragraph 131 of the Complaint.

132. Strive denies the allegations in paragraph 132 of the Complaint.

133. Strive denies or lacks information sufficient to form a belief about the truth of any allegations in the Complaint that are not expressly admitted above, including in any headings or footnotes.

## JURY DEMAND

134. Strive demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

135. Strive denies Lilly is entitled to any relief and seeks entry of a take-nothing judgment against Lilly, and all other relief to which Strive may be entitled, including

1 attorney's fees as an exceptional case under 15 U.S.C. § 1117.

2     136.    All allegations not expressly admitted, including in any headings or footnotes, are denied.

## AFFIRMATIVE DEFENSES

137.    Lilly has failed to state a claim on which relief may be granted.

138.    Lilly's claims for false advertising fail because the statements about which Lilly complains are true.

139.    Lilly's claims are barred under the First Amendment of the United States Constitution. Medical providers and patients have a First Amendment right to the free flow of commercial information, and Strive has a First Amendment right to provide them such information. The speech about which Lilly complains concerns lawful activity and is not misleading. To grant Lilly any relief against such speech, whether legal or equitable, would therefore violate the First Amendment.

140.    Lilly's claims are barred, in whole or in part, under the safe harbor provisions of 21 U.S.C. § 353a, which entitles Strive Pharmacy to inform medical professionals and patients of available compounded alternatives, especially when FDA-approved options are unavailable or unsuitable for an individual patient, as determined by a prescriber.

141.    Lilly's claim for damages is barred, in whole or in part, by an intervening cause, including loss of sales due to Lilly's own fault (such as Lilly's own misrepresentations or misleading statements about Mounjaro or Zepbound and its side affects) or due to events not within Strive's control (such as the FDA shortage).

142.    Lilly's claims for relief are barred, in whole or in part, by the doctrine of unclean hands. Lilly itself has engaged in false advertising or misleading statements about its own tirzepatide products and about compounded products. Indeed, despite all that Lilly says in its complaint about Strive, Lilly is the only party to this litigation that has received a warning letter from the FDA for engaging in false or misleading advertising related to

GLP-1 products.[1] False and misleading statements about its own products and compounded products have harmed both the public and Strive, and therefore deprive Lilly of the remedies it seeks.

143. Lilly may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Lilly's failure to mitigate damages, if any.

## PRAYER

144. Strive respectfully requests that the Court enter judgment dismissing with prejudice all claims against Strive, that the reasonable costs, including attorneys' fees, incurred in responding to the action be taxed against Lilly as permitted by applicable law, and that the Court award Strive any and all other relief the Court may deem just, equitable, and proper.

RESPECTFULLY SUBMITTED this 23rd day of January, 2026.

**COPPERSMITH BROCKELMAN PLC**

By /s/ *Malvika Sinha*
    Keith Beauchamp
    Malvika A. Sinha

**BAKER & HOSTETLER, LLP**

    Joshua J. Bennett *(Admitted Pro Hac Vice)*

*Attorneys for Defendants*

---

[1] FDA, WARNING LETTER Eli Lilly and Company (Sept. 9, 2025), https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/eli-lilly-and-company-716485-09092025 (last visited Jan. 16, 2026).